IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BAM TRADING SERVICES, INC., d/b/a BINANCE US, a Delaware corporation; BINANCE HOLDINGS, LTD, d/b/a BINANCE, a foreign company; CHANGPENG ZHAO; JOHN DOES 1-100 (fictitious names); XYZ CORP., INC 1-100 (fictitious names),<br><br>Defendants. | Civil Action No. 2:24-CV-10286-BRM-CLW<br><br>Civil Action<br><br>**STATEMENT IN LIEU OF BRIEF PER LOCAL RULE 7.1(d)(4)** |

The Undersigned respectfully submits this statement that no brief is necessary pursuant to Local Rule 7.1(d)(4) to oppose Defendant, Binance Holding's ("Binance"), motion to dismiss for lack of jurisdiction because Plaintiff, David Gonzalez ("Plaintiff"), has already submitted a brief in opposition to the similar motion of Defendant, BAM Trading Services ("BAM"), the content and arguments of which Plaintiff respectfully incorporates herein as if fully set forth at length. To those same arguments, Plaintiff only adds that, in *Licht v. Binance Holdings Ltd.*, No. CV 24-10447-NMG, 2025 WL 625303, at *24 (D. Mass. Feb. 5, 2025), report and recommendation adopted, No. CV 24-10447-NMG, 2025 WL 624025 (D. Mass. Feb. 26, 2025), the Federal Court for the District of Massachusetts held that a finding of jurisdiction as to Binance and Changpeng Zhao ("CZ" or

1

"Zhao") was not even a close question under Fed. R. Civ. P. 4(k)(2).

Specifically, in *Licht*, the court explained that: "plaintiffs allege both general and specific jurisdiction over Binance and Zhao in the United States. (#36 ¶¶ 40-41, 43-44.) They now argue specific, not general, jurisdiction. (#57 at 15-16.) Following plaintiffs' lead and because, under Rule 4(k)(2)'s nationwide contacts standard, the question is not close, the court will address specific jurisdiction only." *Licht*, No. CV 24-10447-NMG, 2025 WL at *32.

The *Licht* court continued that: "[t]he record of Binance and Zhao's contacts with the United States is ample. Binance employed 100 people based in the United States and used United States-based servers. (#36 ¶ 40.) In the criminal case, Binance agreed to the forfeiture of the proceeds of conducting an unlicensed MTB from at least August 2017 to at least October 2022 – $1.6 billion in fees for transactions involving United States-based users. (#57-4, *Binance* Plea Agreement, ¶ 16.)" *Licht*, No. CV 24-10447-NMG, 2025 WL at *32. The court continued that: "Given the importance of United States-based users to Binance's growth and revenue, . . . Binance and Zhao's intent was to allow at least the United States-based VIP users to continue to access Binance.com, with BAM's Binance.US acting as the smokescreen. Binance and Zhao approved the diversionary strategy, which they knew would include and, it may be reasonably inferred, did include "offline" contacts with United States-based VIP users. (#57-4, *Binance* Statement of Facts, ¶¶ 34, 38-40, 42-45.) They created and helped launch Binance.US, *see id.* ¶ 36, and BAM is a Delaware corporation which has had principal places of business in California and Florida, *see* #57-1. After Binance.US went live, in October 2020, 'UNKWN', that is, United States-based users, still represented 17% of Binance's registered user base. (#57-4, *Binance* Statement of Facts, ¶¶ 30, 47.)" *Licht*, No. CV 24-10447-NMG, 2025 WL at *32.

On the purposeful availment prong, the *Licht* court explained that: "this record is even more compelling than the record in [*Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 10 (1st Cir. 2018)],

which the First Circuit thought presented a 'close' question but still held sufficient. *Licht*, No. CV 24-10447-NMG, 2025 WL at *32, *citing Plixer*, 905 F.3d at 10. "There, the defendant, Scrutinizer, was a German company whose online software analysis tools were available through its website internationally, and in over three-and-a-half years, were actually used by 156 United States-based customers, yielding €165,212.07 in revenue, or just under $200,000." *Licht*, No. CV 24-10447-NMG, 2025 WL at *32, *citing Plixer*, 905 F.3d at 4-5. "The First Circuit did not know what percentage that was of Scrutinizer's total revenue, yet concluded that the company could have reasonably anticipated the exercise of specific personal jurisdiction; its 'regular flow or regular course of sales' in the United States showed that it purposefully availed itself of the privilege of conducting activities within the United States. *Licht*, No. CV 24-10447-NMG, 2025 WL at *32, *citing Plixer*, 905 F.3d at 10-11. The *Licht* court explained that "$200,000 is a fraction of the $1.6 billion in fees here." *Licht*, No. CV 24-10447-NMG, 2025 WL at *32.

The *Licht court* went on that: "On the relatedness prong, the court emphasizes that a strict causal relationship between Binance and Zhao's United States contacts and plaintiffs' RICO claims is not necessary. Those contacts, in the court's view, are sufficiently related to the litigation to afford Binance and Zhao adequate protection." *Licht*, No. CV 24-10447-NMG, 2025 WL at *32, *citing Vapotherm, Inc. v. Santiago*, 38 F.4th 252, *260* (1st Cir. 2022); *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.,* 592 U.S. 351, 362 (2021). The Licht court observed that: "Notably, Binance and Zhao have not actually mounted any defense on the relatedness prong, erroneously arguing that even under Rule 4(k)(2), their contacts with Massachusetts matter, and asserting that plaintiffs' allegedly 'cursory' claim of purposeful availment 'is insufficient.' (#61 at 11.)" *Licht*, No. CV 24-10447-NMG, 2025 WL at *32.

The *Licht* court continued that: "Binance and Zhao bear the burden of proving unreasonableness, *see Plixer*, 905 F.3d at 12, and they do not address the gestalt factors, *see* #61.

Neither do plaintiffs . . ." *Licht*, No. CV 24-10447-NMG, 2025 WL at *33. The court noted it would "address[] them briefly." *Id.* In doing so, the *Licht* court held: "Subjecting a defendant to a foreign legal system poses 'unique burdens' that carry 'significant weight in assessing the reasonableness' of jurisdiction." *Id. quoting Plixer*, 905 F.3d at 12. However, Binance and Zhao "did 'substantial' and 'recurrent' business in the United States; '[a]s such [they] cannot wholly expect to escape the reach of United States courts.'" *Licht*, No. CV 24-10447-NMG, 2025 WL at *33, *quoting Plixer*, 905 F.3d at 12. The *Licht* court concluded*:* "Thus, although the first factor may point in defendants' favor, it is 'somewhat diminished.' The United States has an interest in adjudicating this RICO action. Plaintiffs have an interest in obtaining effective relief in the United States. Finally, '[e]ven if the last two factors weighed against jurisdiction, this alone would be insufficient to tip the constitutional balance on the facts presented here.'" *Licht*, No. CV 24-10447-NMG, 2025 WL at *33, *quoting Plixer*, 905 F.3d at -13 (cleaned up)

Respectfully, the foregoing reasoning should apply to Binance in the matter at Bar, where the facts with respect to Binance's contacts with the U.S and the reasonableness of asserting jurisdiction over Binace would be no different than they were in *Licht,* where the

Dated: September 2, 2025

/s/ Eric J. Warner
Eric J. Warner, Esq.

4