## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID GONZALEZ,

                      Plaintiff,

       —*against*—

BAM TRADING SERVICES, INC., d/b/a BINANCE US, a Delaware corporation;

BINANCE HOLDINGS, LTD., d/b/a BINANCE, a foreign company;

CHANGPENG ZHAO;

JOHN DOES 1-100 (fictitious names); and

XYZ CORP, INC. 1-100 (fictitious names),

                    Defendants.

2:24-cv-10286-BRM-CLW

**Return date**: September 15, 2025

## BINANCE HOLDINGS, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Attorneys for Defendant Binance Holdings Ltd.*

September 22, 2025

# TABLE OF CONTENTS

INTRODUCTION ..............................................................................................1

ARGUMENT ....................................................................................................4

    I.    Gonzalez Is Precluded From Re-Litigating Jurisdiction......................4

    II.    Gonzalez Fails to Allege Conduct by BAM In New Jersey Giving Rise to His Claims..................................................................5

    III.    Gonzalez Forfeited Any Alter Ego Theory ..........................................6

    IV.    Gonzalez Cannot Rely on the NJMTA for Jurisdiction Because He Asserts No NJMTA Claim ...............................................7

    V.    Gonzalez's Argument for Jurisdiction Under Rule 4(k)(2) Is Baseless ...............................................................................7

    VI.    Jurisdictional Discovery is Not Appropriate.......................................11

CONCLUSION ................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aldossari ex rel. Aldossari v. Ripp*,
    49 F.4th 236 (3d Cir. 2022) ..............................................................................11

*Alevras v. Tacopina*,
    226 F. App'x 222 (3d Cir. 2007) ........................................................................4

*Beaman v. Bank of Am., N.A.*,
    No. 2:21-cv-20561, 2023 WL 4784254 (D.N.J. July 27, 2023)
    (Martinotti, J.) ....................................................................................................6

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
    582 U.S. 255 (2017)..............................................................................5, 6, 10, 11

*Davydov v. Scandinavian Airlines Sys.*,
    No. 19-17628, 2020 WL 12979368 (D.N.J. Oct. 5, 2020) ..................................9

*Douglass v. Nippon Yusen Kabushiki Kaisha*,
    46 F.4th 226 (5th Cir. 2022) (en banc) ..............................................................8

*Gonzalez v. BAM Trading Servs., Inc.*,
    No. 2:24-cv-08521, 2024 WL 4589791 (D.N.J. Oct. 28, 2024)............1, 5, 9, 11

*Ingram v. Money Map Press, LLC*,
    No. 23-cv-0580, 2024 WL 3540993 (N.D. Cal. July 24, 2024)........................12

*Licht v. Binance Holdings Ltd.*,
    No. 24-10447, 2025 WL 625303 (D. Mass. Feb. 5, 2025)............................9, 10

*Licht v. Binance Holdings Ltd.*,
    No. 24-cv-10447, 2025 WL 624025 (D. Mass. Feb. 26, 2025)....................9, 10

*Ohio Resources LLC v. King Aerospace Com. Corp.*,
    No. 21-cv-528, 2021 WL 4164000 (S.D. Cal. Aug. 13, 2021) ........................12

*Posner v. Essex Ins. Co.*,
    178 F.3d 1209 (11th Cir. 1999) ..........................................................................4

*Saudi v. Acomarit Maritimes Services, S.A.*,
   114 F. App'x 449 (3d Cir. 2004) ................................................................8

*Smith v. S&S Dundalk Engineering Works, Ltd.*,
   139 F. Supp. 2d 610 (D.N.J. 2001) ..........................................................8

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...................................................................................5

*Yamaha Corp. v. United States*,
   961 F.2d 245 (D.C. Cir. 1992) ..................................................................4

**Statutes**

28 U.S.C. § 2072 .............................................................................................8

N.J.S.A. 17:15C-26(a)(1) ...............................................................................7

**Other Authorities**

Scott Dodson, *Rule 4 and Personal Jurisdiction*,
   99 Notre Dame L. Rev. 1 (2023) ..............................................................8

**INTRODUCTION**

This Court has already held, in a decision that is now final and which involved the same litigants and substantive claims, that BAM Trading Services, Inc. ("BAM") is not subject to personal jurisdiction in New Jersey and that, accordingly, Binance Holdings Ltd. ("BHL")—allegedly subject to jurisdiction as BAM's alleged alter ago, *see* ECF 1, ¶ 30—cannot be haled into courts in New Jersey, either. *Gonzalez v. BAM Trading Servs., Inc.*, No. 2:24-cv-08521, 2024 WL 4589791, at *8 (D.N.J. Oct. 28, 2024). Issue preclusion bars relitigating this same issue, as BHL explained in its motion to dismiss. Plaintiff David Gonzalez's opposition papers do not provide any meaningful response. This threshold issue alone is grounds to dismiss Gonzalez's complaint in this second, copycat case.

Even apart from issue preclusion, Gonzalez's arguments for specific personal jurisdiction remain meritless for the same reasons the Court dismissed his first case. Plaintiff has not alleged any connection between Gonzalez's claim, that unknown hackers stole his crypto from a non-party exchange and later deposited them with BAM and/or BHL, and any activity by BAM in New Jersey. Instead, Gonzalez's opposition reflects a misunderstanding of specific personal jurisdiction by attempting to emphasize the extent to which BAM generally does business in New Jersey (pointing, for example, to its U.S. trading volume). But the law is clear that allegations of unrelated in-state activity by a defendant do not support personal

1

jurisdiction when, as here, the Plaintiff has not alleged general personal jurisdiction. The only in-state activity that bears upon specific personal jurisdiction is activity giving rise to the underlying claims, and a defendant's unrelated in-state contacts are irrelevant.

Even if Gonzalez could somehow establish personal jurisdiction over BAM, he could not reach BHL as BAM's alter ego, because his opposition fails to respond *at all* to BHL's arguments for why the corporate distinction between the entities should be respected. With no arguments in opposition, Gonzalez has forfeited his alter-ego theory.

The Court should likewise reject Gonzalez's theory that jurisdiction is proper under the New Jersey Money Transmitters ("NJMTA"). The NJMTA authorizes personal jurisdiction only for claims arising under the NJMTA—claims which Gonzalez does not assert. And Gonzalez's opposition brief does not address his jurisdiction theory under the NJMTA. Rather, the opposition relegates to a footnote the argument that the Court should imply a private right of action under the NJMTA. But whether there is a private right of action is irrelevant when Plaintiff has not even alleged an NJMTA claim.

Gonzalez's next argument, that jurisdiction is appropriate under Rule 4(k)(2) of the Federal Rule of Civil Procedure, like his other jurisdictional theories is meritless. Rule 4(k)(2) regulates when service of process is effective but does not

establish who is amenable to jurisdiction in a particular court (i.e., it is not a "long-arm" statute). Gonzalez cannot establish jurisdiction by relying on 4(k)(2) alone. Regardless, the rule applies only to foreign defendants that (i) are not subject to jurisdiction in any state but (ii) have sufficient contacts with the United States as a whole to meet due-process standards. Gonzalez has not pleaded facts supporting this new theory. Among other shortcomings, the Complaint does not connect any conduct by BHL in the United States as whole to his losses. This is a variation of the core problem that has persisted from the start of this case: namely, that Gonzalez alleges no relevant in-forum activity. That is true regardless of the "forum" considered for this case.

Finally, the Court should reject Gonzalez's request for jurisdictional discovery, because he fails to supply, as he must, specific facts indicating what discovery would reveal that could establish jurisdiction. Gonzalez argues that discovery would show how much business BAM and/or BHL conduct in New Jersey generally, but, yet again, fails to appreciate that he is required to show in-state activity *giving rise to his claims*. Gonzalez provides no explanation of how jurisdictional discovery would cure this foundational defect, and the Court should deny his request.

## <u>ARGUMENT</u>

### I.   GONZALEZ IS PRECLUDED FROM RE-LITIGATING JURISDICTION

BHL's moving papers explained that the Court's prior personal jurisdiction ruling is preclusive, ECF 65-1, at 6, and Gonzalez's response is that he has taken "great care to remedy the jurisdictional issues." ECF 68, at 3. Gonzalez, however, does not address that this Court's ruling became final when Plaintiff dismissed his first case, thereby precluding a second bite at the jurisdictional apple.

Gonzalez tries to escape issue preclusion by reciting the allegations of his new complaint as supposedly fixing what was lacking before. *Id.* at 3-4. Even if those allegations were new—and almost all of them were before the Court when it originally addressed personal jurisdiction (ECF 65-1, at 5)—preclusion cannot be avoided by making new factual or legal arguments that could have been made the first time around. Rather, "once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (emphasis in original); *see also Alevras v. Tacopina*, 226 F. App'x 222, 230 (3d Cir. 2007) ("Issue preclusion may be used to bar the introduction of additional evidence in order to prevent relitigation of a legal issue decided in a prior case."); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999) (Florida court's ruling that it lacked personal jurisdiction "does not preclude further litigation of

these claims on the merits, but it does preclude that litigation from occurring in Florida").

The Court therefore does not need to consider any new jurisdictional arguments and can dismiss based on issue preclusion alone.

## II.   GONZALEZ FAILS TO ALLEGE CONDUCT BY BAM IN NEW JERSEY GIVING RISE TO HIS CLAIMS

Apart from issue preclusion, Gonzalez's opposition does not actually cure the problem that doomed his first complaint: he makes no factual allegations of New Jersey-related conduct by BAM (again, BHL's alleged alter ego) giving rise to his claims. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 265 (2017) (no specific jurisdiction where everything "giving rise to the . . . claims occurred elsewhere"). The only connection between the underlying theft allegations and New Jersey is that Gonzalez lives in New Jersey. But it is the conduct of defendants—not plaintiffs—that "drive[s] the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 277, 289 (2014) (rejecting jurisdiction over claims Nevada residents brought in Nevada federal court). As this Court recognized with respect to Gonzalez's first complaint, these allegations "concern Plaintiff's 'unilateral activity,' rather than that of any Named Defendant" and therefore "do not support specific jurisdiction." 2024 WL 4589791, at *8.

In opposing dismissal, Gonzalez argues that BAM "has substantial aggregate contacts in New Jersey" and that, given BAM's publicly disclosed U.S. trading

volume, BAM must "transact enough business in the State of New Jersey to be subject to the jurisdiction of this State's courts." ECF 68, at 8. Again, these alleged New Jersey contacts are irrelevant because they have nothing to do with Gonzalez's claims. That other New Jersey residents may trade crypto via BAM has nothing to do with this case or the alleged theft of crypto from a non-BAM exchange. ECF 1, ¶ 14. The Supreme Court has made clear that, without case-specific contacts, "specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected activities in the State*." *Bristol-Myers*, 582 U.S. at 264 (emphasis added). Here, Gonzalez pleads only New Jersey contacts "unconnected" to his claims, so specific personal jurisdiction is lacking.

## III.    GONZALEZ FORFEITED ANY ALTER EGO THEORY

Even assuming Gonzalez could somehow establish personal jurisdiction over BAM, his allegations that BHL should be considered BAM's alter ego, *see* ECF 1, ¶ 30, come nowhere close to the applicable stringent standard, which BHL's moving papers explained. ECF 65-1, at 9-11. Gonzalez's opposition papers do not bother to explain how his complaint alleges an alter ego theory, and so the Court should consider his alter ego theory forfeited. *Beaman v. Bank of Am., N.A.*, No. 2:21-cv-20561, 2023 WL 4784254, at *18 (D.N.J. July 27, 2023) (Martinotti, J.) (where plaintiff "failed to respond to [defendant's] argument" on particular

issue in opposition to a motion to dismiss, that issue was deemed "abandon[ed]" and "waived").

## IV. GONZALEZ CANNOT RELY ON THE NJMTA FOR JURISDICTION BECAUSE HE ASSERTS NO NJMTA CLAIM

As BHL has explained—and Gonzalez has not contested—the only new jurisdictional allegations in Gonzalez's second complaint relate to the NJMTA. ECF 65-1, at 5. Yet he does not spend a single word attempting to rebut BHL's arguments that: (i) the NJMTA establishes jurisdiction only for claims brought under NJMTA, which Gonzalez is not asserting; (ii) Gonzalez could not assert a hypothetical NJMTA claim anyway because the statute does not apply to cryptocurrency or apply extraterritorially. *Id*. at 7-8.

Gonzalez's only response is to suggest in a footnote that there *may* be grounds to imply a private right of action under the NJMTA. ECF 68, at 7 n.3. But that is beside the point because Gonzalez does not assert a claim under the NJMTA in the first place. The NJMTA provides only for jurisdiction of claims "arising under" it, N.J.S.A. 17:15C-26(a)(1), and, put simply, there are none here.

## V. GONZALEZ'S ARGUMENT FOR JURISDICTION UNDER RULE 4(K)(2) IS BASELESS

Gonzalez's opposition papers advance the argument that jurisdiction is available under Federal Rule of Civil Procedure 4(k)(2). ECF 69. This theory is meritless and cannot rescue Gonzalez's Complaint.

To begin, Rule 4(k)(2) is "just a procedural rule about issuing summonses" that cannot validly establish personal jurisdiction where it otherwise would not exist. *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 234 (5th Cir. 2022) (en banc). That conclusion follows from the Rules Enabling Act, which makes clear that the Federal Rules cannot "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. Because "a rule expanding the scope of a court's personal jurisdiction would modify a substantive right," *Douglass*, 46 F.4th at 234, Gonzalez cannot use Rule 4(k)(2) to create personal jurisdiction that would not otherwise exist. *See also* Scott Dodson, *Rule 4 and Personal Jurisdiction*, 99 Notre Dame L. Rev. 1, 5 (2023) (explaining that "the amenability of a party to the court's personal jurisdiction" cannot be grounded in Rule 4(k)(2) alone but must arise from "law external to the rule").

Regardless, Rule 4(k)(2) by its terms applies only to federal claims (hence, only the RICO claim here) and only where the plaintiff shows that the defendant is (i) "beyond the jurisdictional reach of any state court of general jurisdiction" and has (ii) "sufficient contacts with the United States" to satisfy due process. *Saudi v. Acomarit Maritimes Services, S.A.*, 114 F. App'x 449, 455 (3d Cir. 2004). Gonzalez fails to establish either requirement.

First, Gonzalez does not bother pleading or even arguing that BHL would be beyond the reach of any state court. *See Smith v. S&S Dundalk Engineering Works,*

*Ltd.*, 139 F. Supp. 2d 610, 622 (D.N.J. 2001) (finding Rule 4(k)(2) inapplicable where plaintiffs had made "no attempt to satisfy this requirement").

Second, Gonzalez does not allege that BHL engaged in any particular conduct *in the United States* giving rise to his claims. The Court's earlier finding that Gonzalez had alleged relevant forum contacts involving only "Plaintiff's 'unilateral activity,' rather than that of any Named Defendant," 2024 WL 4589791, at *8, applies just the same whether the relevant forum is considered to be New Jersey or the United States as a whole. Put simply, the claims do not arise from any U.S. conduct of BHL, so Rule 4(k)(2) cannot authorize BHL to be sued here. *Davydov v. Scandinavian Airlines Sys.*, No. 19-17628, 2020 WL 12979368, at *4 n.6 (D.N.J. Oct. 5, 2020) (rejecting application of Rule 4(k)(2) because the plaintiff "pointed to no facts suggesting a connection between his injuries and [the defendant's] United States contacts").

Finally, Gonzalez erroneously claims to find support for his Rule 4(k)(2) argument in *Licht v. Binance Holdings Ltd.*, No. 24-10447, 2025 WL 625303 (D. Mass. Feb. 5, 2025), *report and recommendation adopted*, 2025 WL 624025 (D. Mass. Feb. 26, 2025). That case—which ultimately dismissed on the merits allegations that BHL and BAM were liable for RICO and tort claims asserted by victims of unknown scammers engaged in so-called "pig butchering" crypto scams—noted that BHL would be subject to jurisdiction under Rule 4(k)(2). But

the *Licht* court did not address the fact that Rule 4(k)(2) is not a standalone basis for jurisdiction.[1] Nor, of course, did the *Licht* case address the facts alleged in Gonzalez's complaint here. The lack of "relatedness" between BHL's alleged contacts and Gonzalez's claims is the foundational problem under Rule 4(k)(2)— that is, Gonzalez has not demonstrated that his claims "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 582 U.S. at 262 (alterations and citation omitted).[2]

---

[1] The *Licht* court adopted the 82-page Report and Recommendation in a one-sentence order, while simultaneously granting Plaintiff's Motion for Leave to File a Second Amended Complaint. *See* Report and Recommendation at 82, *Licht v. Binance Holdings Ltd.*, No. 24-cv-10447, 2025 WL 625303 (D. Mass. Feb. 5, 2025), ECF 71 (recommending dismissal "without prejudice" because "plaintiffs may be able to cure the deficiencies"); Endorsed Order at 1, *Licht v. Binance Holdings Ltd.*, No. 24-cv-10447, 2025 WL 624025 (D. Mass. Feb. 26, 2025), ECF 77 ("Report and Recommendation is accepted and adopted."); Endorsed Order at 1, *Licht v. Binance Holdings Ltd.*, No. 24-cv-10447 (D. Mass. Feb. 26, 2025), ECF 78 ("Motion [for leave to file Second Amended Complaint] granted."). Defendants' Motion to Dismiss the Second Amended Complaint for, among other things, lack of specific personal jurisdiction, is pending. *See generally* Motion to Dismiss, *Licht v. Binance Holdings Ltd.*, No. 24-cv-10447 (D. Mass. Mar. 28, 2025), ECF 84; *see also* Electronic Order, *Licht v. Binance Holdings Ltd.*, No. 24-cv-10447 (D. Mass. Aug. 11, 2025), ECF 95 (referring motion to Magistrate Judge).

[2] The *Licht* court's abbreviated analysis of the relatedness prong should not be followed here. The court erroneously relied on generic contacts with the United States—such as the fact that BHL "employed 100 people based in the United States and used United States-based servers," *Licht*, 2025 WL 652303, at *32— and did not connect that activity to the plaintiffs' losses. This approach is contrary to the Supreme Court's clear holding that a defendant's forum contacts that are

## VI.    JURISDICTIONAL DISCOVERY IS NOT APPROPRIATE

The Court should reject Gonzalez's request for jurisdictional discovery. A plaintiff cannot "force defendants to start handing over evidence" absent "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) (alterations and citation omitted). In the context of specific jurisdiction, that means the plaintiff must allege facts suggesting: (i) that jurisdictional discovery will show in-state contacts by the defendant; *and* (ii) that the plaintiff will be able to "link that conduct to the allegations that underlie [the plaintiff's] claims." *Id.*

Here, Gonzalez argues that discovery may show "that some of Defendants' conduct was directed at **persons in New Jersey**" or that BAM may "have served numerous **customers in New Jersey**." ECF 68, at 9 (emphasis added). But, even if it were true, this case is not about all "persons" or "customers" in New Jersey. Gonzalez must show how jurisdictional discovery will reveal evidence "link[ed]" to "the allegations that underlie" *his* case. *Aldossari*, 49 F.4th at 259. Yet, he does

---

"unconnected" to the plaintiff's losses cannot trigger specific personal jurisdiction, "regardless of the extent" of those contacts. *Bristol-Myers*, 582 U.S. at 264; *see also Gonzalez*, 2024 WL 4589791, at *6 (this Court recognizing, in connection with Gonzalez's first complaint, that specific jurisdiction is appropriate only where "the claim arises out of or relates to" conduct in the forum).

not even try to do so. *See, e.g.*, *Ingram v. Money Map Press, LLC*, No. 23-cv-0580, 2024 WL 3540993, at *6 (N.D. Cal. July 24, 2024) (rejecting jurisdictional discovery relating to "Defendant's contacts with California" because those "contacts would be unrelated to Plaintiff's claims" and hence could not establish specific personal jurisdiction); *Ohio Resources LLC v. King Aerospace Com. Corp.*, No. 21-cv-528, 2021 WL 4164000, at *4 n.2 (S.D. Cal. Aug. 13, 2021) (rejecting jurisdictional discovery relating to "Defendant's alleged work performed for other entities in California and hiring of employees in California" because those activities were "unrelated . . . to Plaintiff's claim"). In other words, Gonzalez has given the Court no reason to believe that any amount of discovery can cure the fundamental shortcomings in his effort to establish personal jurisdiction.

## <u>CONCLUSION</u>

For the reasons set forth above and those in BHL's moving papers, the Court should dismiss all claims against BHL for lack of personal jurisdiction and should reject Plaintiff's request for jurisdictional discovery.

Dated: September 22, 2025

STEPTOE LLP

By: */s/ James L. Brochin*
    James L. Brochin
    Charles Michael (*pro hac vice*)
    Andrew C. Adams (*pro hac vice*)
    B. Gammon Fain (*pro hac vice*)
    Brendan Hammond (*pro hac vice*)
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    jbrochin@steptoe.com
    cmichael@steptoe.com
    aadams@steptoe.com
    gfain@steptoe.com
    bhammond@steptoe.com

    *Attorneys for Defendant Binance*
    *Holdings Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify pursuant to 28 U.S.C. § 1746 that on this date, I filed the annexed Memorandum of Law with the CM/ECF System for U.S. District Court of the District of New Jersey, thereby effectuating service upon all counsel of record via electronic means.

I certify under the penalty of perjury that the foregoing are true and correct. Executed in New York, New York on this 22nd day of September, 2025.

By: */s/ James L. Brochin*
James L. Brochin