WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Attorneys for Defendant*
*BAM Trading Services, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GONZALEZ, <br><br> Plaintiff, <br> v. <br><br> BAM TRADING SERVICES, INC., d/b/a BINANCE US, a Delaware corporation; BINANCE HOLDINGS, LTD, d/b/a BINANCE, a foreign company; CHANGPENG ZHAO; JOHN DOES 1-100 (fictitious names); XYZ CORP, INC. 1-100 (fictitious names), <br><br> Defendants. | Honorable Brian R. Martinotti, U.S.D.J. <br><br> Civil Action No. 2:24-cv-10286 (BRM) (CLW) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**BAM TRADING SERVICES INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................... 1

II. Plaintiff Cannot Plausibly Allege Personal Jurisdiction over BAM .............. 2

   a. Plaintiff Misstates the Legal Standard for Personal Jurisdiction ................... 2

   b. Plaintiff's Jurisdictional Allegations Remain Insufficient and Have Already Been Rejected by the Court ................................................................................ 3

   c. Plaintiff Failed to Plead RICO Jurisdiction and Cannot Raise It Now .......... 8

III. Plaintiff Is Not Entitled to Jurisdictional Discovery ..................................... 9

IV. Plaintiff's Claims Are Barred by the Doctrine of Issue Preclusion ............ 12

V. Conclusion .................................................................................................. 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*,
  2023 WL 4074081 (D.N.J. June 16, 2023).......................................................10

*Adelman v. Peter*,
  2007 WL 4557651 (D.N.J. Dec. 21, 2007).........................................................4

*Adler v. Loyd*,
  496 F. Supp. 3d 269 (D.D.C. 2020) ...................................................................8

*Aldossari ex rel. Aldossari v. Ripp*,
  49 F.4th 236 (3d Cir. 2022)...............................................................................10

*Alevras v. Tacopina*, 226 F. App'x 222, 230 (3d Cir. 2007) ..................................13

*Antico v. RAM Payment, L.L.C.*,
  2022 WL 971724 (D.N.J. Mar. 31, 2022)...........................................................7

*Atl. Richfield Co. v. Christian*,
  590 U.S. 1 (2020)................................................................................................7

*Bristol-Myers Squibb Co. v. Super. Ct. of Ca.*, S.F. Cty., 582 U.S. 255,
  (2017) .................................................................................................................6

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................................4

*Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*,
  63 F.3d 1227 (3d Cir. 1995)..............................................................................12

*Compagnie des Bauxites de Guinée v. L'Union Atlantique S.A. d'Assurances*,
  723 F.2d 357 (3d Cir. 1983)..............................................................................11

*Croat v. Mission Fine Wines, Inc.*,
  2020 WL 1921955 (D.N.J. Apr. 21, 2020) .........................................................5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)............................................................................................2

*DVI Receivables XIV, LLC v. Nat'l Med. Imaging, LLC*,
    529 B.R. 607 (E.D. Pa. 2015) ...................................................................................13

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
    623 F.3d 147 (3d Cir. 2010) .....................................................................................10

*Germinario v. Ram Payment L.L.C.*,
    No. BUR-L-828-19, LCV20201430992 (N.J. Super. Ct. Law Div.
    July 29, 2020) ........................................................................................................6, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ...................................................................................................4

*Jordan v. Chase Manhattan Bank*,
    91 F. Supp. 3d 491 (S.D.N.Y. 2015) ..........................................................................8

*Kurzweil v. Amtrak*, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) .......................6

*Laurel Gardens, LLC v. Mckenna*,
    948 F.3d 105 (3d Cir. 2020) .......................................................................................9

*Laverty v. Cox Enters., Inc.*,
    2019 WL 351905 (D.N.J. Jan. 29, 2019) .............................................................3, 10

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
    800 F.3d 99 (3d Cir. 2015) .........................................................................................9

*Malik v. Cabot Oil & Gas Corp.*,
    710 F. App'x 561 (3d Cir. 2017) ..............................................................................10

*McQueen v. Razor Cap., LLC*,
    2025 WL 1304200 (N.J. Super. Ct. App. Div. May 6, 2025) ....................................7

*Metcalfe v. Renaissance Marine*,
    566 F.3d 324 (3d Cir. 2009) .....................................................................................11

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004) ....................................................................................3, 5

*Murphy v. Eisai, Inc.*,
    503 F. Supp. 3d 207 (D.N.J. 2020) .................................................................9, 10, 11

*R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*,
    773 A.2d 1132, 1142 (N.J. 2001) ................................................................................7

*Rakoff v. St. Clair, CPAs, P.C.*,
    2013 WL 1007330 (D.N.J. Mar. 12, 2013) ...................................................... 10, 11

*Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*,
    542 F. Supp. 3d 268 (D.N.J. 2021) ........................................................................13

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F. 3d 446 (3d Cir. 2003) .............................................................................4, 10

*United States v. Stauffer Chem. Co.*,
    464 U.S. 165 (1984) ................................................................................................13

*Wallace v. Keystone Printed Specialties Co.*,
    2016 WL 5403088 (D.N.J. Sept. 27, 2016) ...........................................................14

**Statutes**

18 U.S.C. § 1965(b) ........................................................................................................8, 9

N.J. Stat. § 17:15C-1 et seq. ...............................................................................................7

New Jersey Consumer Finance Licensing Act ...................................................................7

New Jersey Money Transmitters Act .............................................................................6, 7

Racketeer Influenced and Corrupt Organizations Act ...................................................8, 9

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................................................3

Fed. R. Civ. P. 12(b)(2) ..................................................................................................3, 5

I.    INTRODUCTION

Plaintiff's Opposition, like the Second Complaint,[1] fails to establish a valid basis for personal jurisdiction over BAM and therefore cannot overcome BAM's Motion to Dismiss (the "Motion"). Personal jurisdiction is a threshold issue, and Plaintiff has neither cured nor plausibly addressed the deficiencies previously identified by the Court. Once again, Plaintiff offers no credible explanation for why BAM should be subject to jurisdiction in New Jersey, nor does Plaintiff allege any meaningful connection between BAM and the alleged injuries.

The Court has already determined that BAM lacks sufficient contacts with New Jersey and that Plaintiff's unilateral activities in the state cannot create such jurisdiction. Order at 14–17. Undeterred, Plaintiff's Second Complaint repackages the same deficient allegations with superficial edits. As discussed in the Motion, these revisions do not remedy the fundamental defects previously identified by the Court. The Opposition offers no further support for Plaintiff's deficient allegations. Instead, it urges the Court to adopt a novel standard for personal jurisdiction that conflicts with binding precedent and improperly attempts to introduce new legal theories not pled in the Second Complaint.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

Plaintiff is also not entitled to jurisdictional discovery. He has not made the requisite threshold showing, nor identified any specific facts that such discovery might uncover. Courts do not permit jurisdictional discovery based on speculation, absent specific allegations asserting with particularity the possible existence of forum contacts not already known. *Infra* Section III. Plaintiff already failed to obtain jurisdictional discovery in the Initial Action, and the Second Complaint adds nothing that warrants a different conclusion here.

Finally, the doctrine of issue preclusion independently bars Plaintiff from relitigating the issue of personal jurisdiction because it was fully litigated, necessarily decided, and essential to the Court's prior judgment.

For these reasons, and for the reasons set forth below, the Second Complaint should be dismissed with prejudice.

**II.     PLAINTIFF CANNOT PLAUSIBLY ALLEGE PERSONAL JURISDICTION OVER BAM**

**a. Plaintiff Misstates the Legal Standard for Personal Jurisdiction**

As a threshold matter, Plaintiff misstates the legal standard for personal jurisdiction. Plaintiff repeatedly asserts that the threshold is whether the Second Complaint's jurisdictional allegations are "clearly frivolous." Opp. at 2, 8–9. Plaintiff conflates courts' guidance on jurisdictional discovery with sufficiently alleging that the court may exercise personal jurisdiction over BAM consistent with due process. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). The proper inquiry

is whether Plaintiff has alleged facts sufficient to establish "a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). To meet this burden, "the plaintiff must establish jurisdictional facts through sworn affidavits or competent evidence[.] At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Laverty v. Cox Enters., Inc.*, 2019 WL 351905, at *2 (D.N.J. Jan. 29, 2019) (quotations and citations omitted).

### b. Plaintiff's Jurisdictional Allegations Remain Insufficient and Have Already Been Rejected by the Court

The Second Complaint merely reiterates allegations that the Court has already determined lack the requisite specificity to establish personal jurisdiction over BAM. The Opposition does not (and cannot) cure these fatal flaws, offering nothing to support the Second Complaint's conclusory allegations that BAM has the necessary minimum contacts with New Jersey. *See* Fed. R. Civ. P. 4(k)(1)(A).

First, as discussed in the Motion and not addressed in the Opposition, Plaintiff cannot advance an argument in support of general jurisdiction over BAM. Mot. at 7–8. Plaintiff again asserts that BAM's presence in the state is evidenced by the fact that BAM "sought to obtain, and obtained, a license to operate as an MTB in the State of New Jersey, advertised that it was able to serve customers in New Jersey, and provided services to numerous customers located in New Jersey." Opp. at 7. Presented with the same allegations, the Court has already determined that they are

insufficient to establish general jurisdiction because "corporate registration with the state of New Jersey does not constitute consent to personal jurisdiction, based on the state's corporate registration statute." Order at 14–15. And, as discussed in the Motion and not addressed by the Opposition, Plaintiff cannot meet the high threshold for establishing that BAM is "at home" in New Jersey simply because it has made its website available to New Jersey residents, among several other states. Mot. at 8. Plaintiff does not even attempt to distinguish the plethora of cases in BAM's Motion that reject this very argument. *See* Mot. at 7–8 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011), *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 454 (3d Cir. 2003), and *Adelman v. Peter*, 2007 WL 4557651, at *6 (D.N.J. Dec. 21, 2007)).

Second, there is no specific jurisdiction over BAM because Plaintiff does not identify any facts tying BAM's minimal business activity in New Jersey to the allegations put forth by Plaintiff *in this case*, let alone make a showing that BAM "purposefully directed" its alleged conduct toward New Jersey. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (specific jurisdiction may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities"); *see also* Mot. at 9–10. Plaintiff attempts to remedy these deficiencies by repeating the same conclusory allegations, including that "BAM

-4-

transacted business in New Jersey, purposefully availed itself of the laws of New Jersey, has substantial aggregate contacts in New Jersey, engaged in and is engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in the State of New Jersey." Opp. at 8; Second Compl. ¶¶ 14, 29. Such bare-bones allegations are insufficient. "Once [a Rule 12(b)(2)] motion is made, plaintiff must respond with actual proofs, not mere allegations." *Miller Yacht Sales, Inc. v. Smith*, 384 F. 3d 93, 101 n.6 (3d Cir. 2004).

The Second Complaint and the Opposition make clear that there is no conduct by BAM in New Jersey relevant to Plaintiff's claims. The Second Complaint (like the Initial Complaint) concedes that Plaintiff "[a]t no time . . . ever held an account with Binance or BAM," Second Compl. ¶ 14, and that Plaintiff's claims arise from alleged conduct on other platforms, not BAM's, Opp. at 2; Second Compl. ¶¶ 14, 176–185. Similarly, the Opposition states that Plaintiff resides in New Jersey and his injury stems from the theft of his cryptocurrency from his Coinbase account that was then purportedly sent to a "Binance.com account." Opp. at 7. This Court has already held that such allegations "concern Plaintiff's 'unilateral activity' rather than that of any named Defendant, and do not support specific jurisdiction." Order at 16; *see also Croat v. Mission Fine Wines, Inc.*, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) ("[J]urisdiction may not be exercised over a defendant merely on the basis of random, fortuitous, or attenuated contacts, or the unilateral activity of another party

or a third person."). This aligns with the Supreme Court's clear directive that "when there is no . . . connection [between the forum and the underlying controversy], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Ca.*, S.F. Cty., 582 U.S. 255, 264 (2017). Plaintiff's vague assertion that BAM presumably "transacts enough business in the State of New Jersey to be subject to jurisdiction" fails for the same reason. Opp. at 8. No alleged transaction by BAM relates to Plaintiff's claims. "Such contacts, [are] completely detached from Plaintiff's underlying . . . claims," and therefore insufficient to establish specific jurisdiction. *Kurzweil v. Amtrak*, 2020 WL 5760423, at *3 (D.N.J. Sept. 28, 2020) (citing *Bristol-Myers Squibb*, 582 U.S. at 264).

Finally, the Second Complaint's only addition in support of specific jurisdiction, that "BAM obtained a New Jersey money transmitter license under the NJMTA and provided related services," cannot provide the basis for personal jurisdiction. Second Compl. ¶ 27; Mot. at 9–10. As discussed in the Motion, this allegation is insufficient to establish specific jurisdiction because Plaintiff does not bring a claim under the New Jersey Money Transmitters Act ("NJMTA"). Mot. at 9–10. Moreover, the NJMTA does not create a private right of action. *Id.*; *see also Germinario v. Ram Payment L.L.C.*, No. BUR-L-828-19, LCV20201430992, at 20–21 (N.J. Super. Ct. Law Div. July 29, 2020), Docket No. 64-2 (dismissing claim

under the NJMTA with prejudice because the NJMTA does not provide a private right of action); *Antico v. RAM Payment, L.L.C.*, 2022 WL 971724, at \*3 (D.N.J. Mar. 31, 2022) (applying *Germinario* and holding NJMTA claims are dismissed); *see also Atl. Richfield Co. v. Christian*, 590 U.S. 1, 13 (2020) ("In the mine run of cases, a suit arises under the law that creates the cause of action.").

The Opposition does not substantively address these holdings but instead makes a futile attempt to argue that the Court should simply ignore *Germinario* as nonbinding. Opp. at 7 n.3. Even setting *Germinario* aside, it is well established that "New Jersey courts have been reluctant to infer a statutory private right of action where the legislature has not expressly provided for such an action." *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A.2d 1132, 1142 (N.J. 2001). Moreover, "New Jersey courts have generally declined to infer a private right of action in statutes where [similar to the NJMTA] the statutory scheme contains civil penalty provisions." *Id.* at 1144. Accordingly, recognizing a private right of action under the NJMTA would contradict the statute's comprehensive administrative-enforcement framework, which reflects the Legislature's intent for the Commissioner of Banking and Insurance, not private litigants, to enforce its provisions. *See* N.J. Stat. § 17:15C-1 et seq.; *see also McQueen v. Razor Cap., LLC*, 2025 WL 1304200, at \*2 (N.J. Super. Ct. App. Div. May 6, 2025) (declining to find an implied right of action under the New Jersey Consumer Finance Licensing Act

-7-

where "only the Commissioner of Banking and Insurance has the authority to pursue enforcement of the CFLA's provisions").

### c. Plaintiff Failed to Plead RICO Jurisdiction and Cannot Raise It Now

For the first time in the Opposition, Plaintiff invokes 18 U.S.C. § 1965(b) as a purported basis for the Court's exercise of personal jurisdiction over BAM. Opp. 6–7. However, Plaintiff makes no reference to, or allegations concerning, this statutory provision in the Second Complaint. Plaintiff cannot now assert new jurisdictional theories or introduce allegations that were not set forth in his pleading. *See Adler v. Loyd*, 496 F. Supp. 3d 269, 277 (D.D.C. 2020) (rejecting plaintiffs' attempt to manufacture personal jurisdiction through new, unsupported assertions raised for the first time in their opposition brief, none of which appeared in the amended complaint); *see also Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Because Plaintiff failed to assert personal jurisdiction under RICO in the Second Complaint, he is now precluded from raising it at this stage.

In any event, 18 U.S.C. § 1965(b) confers nationwide personal jurisdiction only when its statutory prerequisites are satisfied—prerequisites that Plaintiff has neither alleged nor established. Under Third Circuit precedent, nationwide jurisdiction under 18 U.S.C. § 1965(b) is permissible *only* if at least one defendant

has minimum contacts with the forum state, and even then, only if the "ends of justice require it." *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 117–18 (3d Cir. 2020) ("[A] civil RICO action can only be brought in a district where personal jurisdiction based on minimum contacts is established as to at least one defendant.").

Here, Plaintiff attempts to use BAM as the jurisdictional anchor for asserting personal jurisdiction over BHL and Mr. Zhao. But that effort fails because Plaintiff has not demonstrated that BAM itself is subject to personal jurisdiction in New Jersey based on its own contacts. As discussed above, Plaintiff's allegations fall short of establishing such jurisdiction, and therefore § 1965(b) cannot be used to extend jurisdiction to BHL or Mr. Zhao. *See supra* Section II.b.

## III. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiff's request for jurisdictional discovery should be denied. Jurisdictional discovery "lies within a district court's discretion," *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020), and it "is not available merely because the plaintiff requests it," *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015). To obtain such discovery, Plaintiff must "present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state" and, at a minimum, "proffer a sense of what relevant jurisdictional facts discovery might uncover." *Murphy*, 503 F. Supp. 3d at 225. Courts routinely deny jurisdictional discovery where plaintiffs fail to meet

has minimum contacts with the forum state, and even then, only if the "ends of justice require it." *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 117–18 (3d Cir. 2020) ("[A] civil RICO action can only be brought in a district where personal jurisdiction based on minimum contacts is established as to at least one defendant.").

Here, Plaintiff attempts to use BAM as the jurisdictional anchor for asserting personal jurisdiction over BHL and Mr. Zhao. But that effort fails because Plaintiff has not demonstrated that BAM itself is subject to personal jurisdiction in New Jersey based on its own contacts. As discussed above, Plaintiff's allegations fall short of establishing such jurisdiction, and therefore § 1965(b) cannot be used to extend jurisdiction to BHL or Mr. Zhao. *See supra* Section II.b.

## III. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiff's request for jurisdictional discovery should be denied. Jurisdictional discovery "lies within a district court's discretion," *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020), and it "is not available merely because the plaintiff requests it," *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015). To obtain such discovery, Plaintiff must "present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state" and, at a minimum, "proffer a sense of what relevant jurisdictional facts discovery might uncover." *Murphy*, 503 F. Supp. 3d at 225. Courts routinely deny jurisdictional discovery where plaintiffs fail to meet

this threshold and seek discovery as a "fishing expedition." *Rakoff v. St. Clair, CPAs, P.C.*, 2013 WL 1007330, at *10 (D.N.J. Mar. 12, 2013); *see also Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

Plaintiff falls far short of meeting the burden required to justify jurisdictional discovery. In the Initial Action, Plaintiff sought such discovery and was denied. The Court found it "unclear" how discovery would establish the requisite contacts between BAM and New Jersey. Order at 17 n.8. The Second Complaint offers no new basis to revisit that conclusion. Plaintiff fails to explain how discovery would cure the jurisdictional deficiencies already identified by the Court. *See Laverty*, 2019 WL 351905, at *6; *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017). Nor does Plaintiff "proffer a sense of what relevant jurisdictional facts discovery might uncover." *Murphy*, 503 F. Supp. 3d at 225; *see also* Order at 17 n.8. "[J]urisdictional discovery is unwarranted because the [Second] Complaint does not include 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts' between [BAM] and New Jersey." *Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, 2023 WL 4074081, at *3 (D.N.J. June 16, 2023) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). "A plaintiff cannot show up in court with 'bare allegations' and force defendants to start handing over evidence." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) (quoting *Eurofins Pharma*, 623 F.3d at 157). Tellingly,

Plaintiff does not even attempt to identify what specific discovery requests might yield facts sufficient to establish BAM's contacts with New Jersey.

Finally, Plaintiff's reliance on *Metcalfe v. Renaissance Marine*, 566 F.3d 324 (3d Cir. 2009), and *Compagnie des Bauxites de Guinée v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357 (3d Cir. 1983), is misplaced. Opp. at 9. In both cases, the Third Circuit permitted jurisdictional discovery only because the plaintiffs had already met their threshold pleading burden to establish a prima facie case of personal jurisdiction. *Metcalfe*, 566 F.3d at 336; *Compagnie des Bauxites*, 723 F.2d at 362; *see Cigna Health*, 2023 WL 4074081, at *3 (rejecting a request for jurisdictional discovery and distinguishing *Metcalfe v. Renaissance Marine, Inc.*, because the plaintiffs there "successfully demonstrated a prima facie case of personal jurisdiction" and discovery was intended "to establish jurisdiction by a preponderance of the evidence" at a later stage).

Plaintiff has not met that threshold here. Plaintiff fails to allege with "reasonable particularity . . . what relevant jurisdictional facts discovery might uncover." *Murphy*, 503 F. Supp. 3d at 225. Plaintiff's request amounts to nothing more than a fishing expedition that would not uncover any basis for jurisdiction. *Rakoff*, 2013 WL 1007330, at *10. Accordingly, the Court should deny Plaintiff's request for jurisdictional discovery.

## IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF ISSUE PRECLUSION

In the Motion, BAM has clearly demonstrated that the prerequisites for the application of issue preclusion have been satisfied, because (i) "the issue [of personal jurisdiction] sought to be precluded is the same as that involved in [the briefing relating to Plaintiff's motion for preliminary injunction]"; (ii) "that issue was actually litigated"; (iii) the Court's order on the preliminary injunction was a "final and a valid judgment"; and (iv) the Court's determination on personal jurisdiction "was essential to [that] judgment." *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231–32 (3d Cir. 1995); Mot. at 4–6. Plaintiff's attempt to relitigate the same unsupported jurisdictional claims is precisely what the doctrine of issue preclusion is designed to prevent. *See Burlington*, 63 F.3d at 1231–32 (the "doctrine of [issue preclusion] ensures that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation" (quotations and citation omitted)).

Plaintiff contends that issue preclusion is inapplicable in this case because the Second Complaint "remed[ied] the jurisdictional issues" of the Initial Complaint. Opp. at 3. Setting aside that the Second Complaint's superficial revisions do not remedy these issues, courts recognize that "[i]ssue preclusion may be used to bar the introduction of additional evidence in order to prevent relitigation of a legal issue

-12-

decided in a prior case." *Alevras v. Tacopina*, 226 F. App'x 222, 230 (3d Cir. 2007) (holding that failure to assert an issue in favor of a claim in an initial proceeding "does not give [plaintiff] the right to relitigate [the issue] again in [a] separate action"). Under issue preclusion, "the facts of two cases need not be identical in every respect in order for the legal issues in the two cases to be identical for collateral estoppel purposes. The standard is instead one of materiality; issues are not identical if any difference in the facts has legal significance." *DVI Receivables XIV, LLC v. Nat'l Med. Imaging, LLC*, 529 B.R. 607, 621 (E.D. Pa. 2015) (citing *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 172 (1984)).

Here, Plaintiff's "new" allegations still fail to establish any meaningful connection between BAM and New Jersey and therefore have no "legal significance" to the Court's prior jurisdictional analysis. A "guidepost" in determining whether issues in two litigations are the same is "whether the same general legal rules govern both cases and whether the facts are indistinguishable as measured by those rules." *Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*, 542 F. Supp. 3d 268, 278 (D.N.J. 2021) (quotations and citation omitted). Plaintiff's claims both in the Initial Complaint and here are predicated on the unilateral actions of third-party hackers. Second Compl. ¶ 14; Order at 13–14. The Second Complaint's minimally altered allegations do not change the fundamental fact that "outside of BAM's corporate registration and agent in New Jersey,

-13-

Plaintiff's only allegation related to activities in New Jersey . . . concern Plaintiff's 'unilateral activity,' rather than that of any Named Defendant, and do not support specific jurisdiction." Order at 16. The Court has already stated that it is "not persuaded by Plaintiff's theories on how [it] may exercise personal jurisdiction over BAM." Order at 17. Plaintiff does not offer any new theories in the Second Complaint. Accordingly, the issue of personal jurisdiction remains unchanged between the prior litigation and the present action, and there is no basis for revisiting the Court's prior ruling on jurisdiction.[2]

Accordingly, the Court should dismiss the Second Complaint for lack of personal jurisdiction pursuant to the doctrine of issue preclusion.

---

[2] Plaintiff's reliance on *Wallace v. Keystone Printed Specialties Co.*, 2016 WL 5403088 (D.N.J. Sept. 27, 2016), is misplaced. Opp. at 4. *Wallace* does not stand for the proposition that jurisdictional discovery is a prerequisite for issue preclusion. Rather, the court in *Wallace* found that collateral estoppel applied because the issue of personal jurisdiction—including the question of jurisdictional discovery—was "properly raised" and adjudicated in the prior action. While the plaintiffs in *Wallace* had the benefit of jurisdictional discovery, the court did not suggest that such discovery was required for issue preclusion to apply. 2016 WL 5403088, at *6. Plaintiff's attempt to recast *Wallace* as requiring jurisdictional discovery for preclusion is unsupported and contrary to the case's actual holding.

## V. CONCLUSION

For the reasons set forth in the Motion and above, BAM respectfully submits that the Court should dismiss the Second Complaint with prejudice for lack of personal jurisdiction.

Dated: September 22, 2025

Respectfully submitted,

s/ Kerry C. Donovan
Kerry C. Donovan
kdonovan@winston.com
George Mastoris (*pro hac vice*)
gmastoris@winston.com
Thania (Athanasia) Charmani (*pro hac vice*)
acharmani@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-4623

Daniel Tramel Stabile (*pro hac vice*)
dstabile@winston.com
Gabriela Plasencia (*pro hac vice*)
gplasencia@winston.com
Winston & Strawn LLP
200 S. Biscayne Boulevard
Suite 2400
Miami, FL 33131
Tel: (305) 910-0646

*Counsel for Defendant BAM Trading Services, Inc.*