<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAVID GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>BAM TRADING SERVICES, INC., d/b/a<br>BINANCE US, a Delaware corporation;<br>BINANCE HOLDINGS, LTD, d/b/a<br>BINANCE, a foreign company;<br>CHANGPENG ZHAO; JOHN DOES 1–100<br>(fictitious names); XYZ CORP, INC. 1–100<br>(fictitious names),<br><br>        Defendants. | Case No. 2:24-cv-10286 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are defendant BAM Trading Services, Inc. d/b/a Binance US's ("BAM")

Motion to Dismiss the Complaint based on the doctrine of issue preclusion pursuant to Federal

Rule of Civil Procedure ("Rule") 12(b)(6)[1] and, alternatively, for lack of personal jurisdiction

pursuant to Rule 12(b)(2) (ECF No. 64) and defendants Binance Holdings LTD d/b/a Binance

("Binance") and Changpeng Zhao's ("Zhao") Motion to Dismiss the Complaint for lack of

personal jurisdiction pursuant to Rule 12(b)(2) (ECF No. 65). Plaintiff David Gonzalez

("Plaintiff") filed an Opposition (ECF No. 68), and BAM, Binance, and Zhao (collectively,

---

[1] Although BAM does not specifically move to dismiss the Complaint pursuant to Rule 12(b)(6)
(*see generally* ECF No. 64), it is well-established a motion to dismiss based on issue preclusion is
raised pursuant to same. *See M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir.
2010) ("[A]lthough issue preclusion is an affirmative defense, it may be raised in a motion to
dismiss under [Rule] 12(b)(6).").

"Defendants") filed Replies (ECF Nos. 70, 71). This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331[2] and 1367. Having reviewed and considered the parties' submissions filed in connection with the motion and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, BAM's Motion to Dismiss based on the doctrine of issue preclusion pursuant to Rule 12(b)(6) is **DENIED**, Defendants' Motions to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

For the purpose of the Motions, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Lindstrom v. Polaris Inc.*, Civ. A. No. 23-137, 2024 WL 4237732, at *1 (D. Mont. Aug. 9, 2024) ("In ruling on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) for lack of personal jurisdiction, a court may similarly consider 'uncontroverted allegations in the complaint.'" (quoting *Nationwide Agribusiness Ins. Co. v. Buhler Barth GmbH*, Civ. A. No. 15-582, 2015 WL 6689572, at *3 (E.D. Cal. Oct. 30, 2015))). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted in depth by the Court in a prior action. *See generally Gonzalez v. BAM Trading Servs., Inc.*, Civ. A. No. 24-8521, 2024 WL 4589791, at *1–2 (D.N.J. Oct. 28, 2024); *see*

---

[2] The cause of action arises under federal law—*i.e.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* (*See generally* ECF No. 1 ¶ 26.)

*also Licht v. Binance Holdings Ltd.*, Civ. A. No. 24-10447, 2025 WL 625303, at *4 (D. Mass. Feb. 5, 2025), *report and recommendation adopted*, 2025 WL 624025 (D. Mass. Feb. 26, 2025) (summarizing Defendants' relationships and criminal convictions). Accordingly, the Court will recount only the factual background and procedural history associated with the Motions.

### A.    Factual Background

"Binance is a foreign company . . . with its principal place of business in the Cayman Islands." (*Id.* ¶¶ 16.) Binance founded and maintained Binance.com, "a major cryptocurrency exchange where customers deposit, trade, and withdraw[] hundreds of types of digital assets, including cryptocurrencies." (ECF No. 1 ¶ 1.) Binance.com was founded in 2017, and "had become the world's largest cryptocurrency exchange by early 2018." (*Id.*) Binance.com's rapid growth was caused, in part, by the willful violation of "numerous U.S. laws and regulations." (*Id.*) Importantly, Binance.com failed to "implement and maintain an effective anti-money laundering ("AML") program[] [and] disregarded crucial know your customer ("KYC") rules." (*Id.* ¶ 2.) Absent these safeguards, individuals could utilize Binance.com to launder stolen cryptocurrencies to prevent the cryptocurrencies from being traced. (*Id.* ¶¶ 2–6.)

"BAM is a Delaware corporation with its current head quarters [sic] and principal place of business in . . . Florida." (*Id.* ¶¶ 15.) BAM founded and maintained Binance.US, a separate but related cryptocurrency exchange. (*See id.* ¶ 7.) Binance.US was founded in 2019 in response to increased regulatory pressure to implement AML programs and KYC rules. (*Id.* ¶¶ 7.) Although Binance publicly announced it would block U.S. users from Binance.com and gradually move their accounts to Binance.US, Binance "develop[ed] and execute[d] various strategies to allow some high-volume VIP U.S. users to continue to access Binance.com." (*Id.* ¶ 34; *see also* ¶¶ 36–37 ("Binance retained a substantial portion of its U.S. user base on Binance.com . . . .").) BAM is

3

presently available in forty-six states, including New Jersey. (ECF No. 1 ¶¶ 15.) BAM is licensed as a money transmitter in New Jersey and has marketed to and solicited New Jersey residents to open accounts with Binance.US. (*See id.* ¶ 14.)

Zhao is a Canadian citizen who resides in Dubai and Paris. (*See id.* ¶ 22.) He is the majority owner of both Binance and BAM. (*See id.*) At all times relevant to this matter, Zhao allegedly acted as an officer and director of both Binance and BAM. (*See id.* ¶ 43.)

Plaintiff is a New Jersey citizen. (*Id.* ¶ 14.) Prior to May 8, 2021, Plaintiff owned various cryptocurrencies, which he stored on Coinbase, an unrelated cryptocurrency exchange. (*Id.*) Plaintiff stored no cryptocurrencies with either Binance.com or Binance.US, and did not have an account with either cryptocurrency exchange. (*Id.*)

Between May and June 2021, various cryptocurrencies were stolen from Plaintiff's Coinbase account. (*Id.*) Plaintiff ultimately determined some of the stolen cryptocurrencies had been transferred to at least one Binance.com account. (*Id.*) These cryptocurrencies were presumably then laundered preventing them from being further traced. (*See id.*) Plaintiff does not allege any of the stolen cryptocurrencies had been transferred to a Binance.US account. (*See generally id.*)

### B.    Procedural History

#### 1.    Prior Action

On August 18, 2024, Plaintiff filed his complaint against Defendants (the "Prior Complaint") alleging a civil RICO claim and three common-law claims—conversion, aiding and abetting conversion, and unjust enrichment. *Gonzalez*, 2024 WL 4589791, at *2. The Prior Complaint asserted general jurisdiction was appropriate over BAM based on its corporate registration and over Binance and Zhao based on either RICO § 1965(b), authorizing personal

jurisdiction against additional defendants if general or specific jurisdiction is established over at least one defendant, or an alter ego theory. *See id.* at *7–8. Plaintiff simultaneously filed an application for a preliminary injunction (the "Application").[3] *Id.* Defendants filed their respective oppositions on September 13, 2024. *Id.* Notably, Defendants argued the Court should deny the Application as the Complaint "failed to allege facts sufficient to establish general or specific personal jurisdiction." *Id.* at *4. Plaintiff filed an omnibus reply on September 20, 2024. *Id.* *2.

On October 28, 2024, the Court denied Plaintiff's Application. *See generally id.* In support of its decision, the Court reviewed the threshold issue of whether it may exercise personal jurisdiction over Defendants. *See id.* at *4–8. The Court held it could not exercise general jurisdiction over BAM as "BAM's corporate registration and designation of an agent in New Jersey [alone] . . . d[id] not provide sufficient basis for [general] jurisdiction." *Id.* at *7. As the Prior Complaint only asserted general jurisdiction over BAM, the Court did not review whether it could exercise specific jurisdiction at the time. *See id.* Therefore, the Court did not conclusively hold it lacked personal jurisdiction over BAM but rather held, based on the allegations in the Prior Complaint, it "[wa]s not satisfied it ha[d] personal jurisdiction over [BAM]." *Id.* at *8. The Court also held it could not exercise personal jurisdiction over Binance or Zhao as both of Plaintiff's theories, under § 1965(b) and the alter-ego doctrine, depended on the Court exercising personal jurisdiction over BAM. *See id.* On October 29, 2024, Plaintiff moved to voluntarily dismiss the Prior Complaint without prejudice pursuant to Rule 41(a)(1)(A)(ii), which the Court promptly granted. (Civ. A. No. 24-8521, ECF Nos. 50, 51.)

---

[3] Plaintiff also filed an application for a temporary restraining order, which the Court promptly denied. *Gonzalez*, 2024 WL 4589791, at *2.

### 2. Present Action

On November 5, 2024, Plaintiff filed a second complaint against Defendants (the "Present Complaint") as a new case but alleging the same causes of action. (ECF No. 1.) The Present Complaint asserts specific jurisdiction is appropriate over BAM based on its corporate registration and over Binance and Zhao based on either § 1965(b) or an alter ego theory. (*Id.* ¶¶ 27–31.)

On August 18, 2025, BAM filed a Motion to Dismiss based on the doctrine of issue preclusion pursuant to Rule 12(b)(6) and, alternatively, for lack of personal jurisdiction pursuant to Rule 12(b)(2) (ECF No. 64), and Binance and Zhao filed their Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) (ECF No. 65). Plaintiff filed an omnibus Opposition on September 2, 2025, which requested the Court to deny the Motions to Dismiss or to grant jurisdictional discovery. (ECF No. 68.) On September 22, 2025, Defendants filed their respective Replies. (ECF Nos. 70, 71.)

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "In reviewing a motion to dismiss for lack of personal jurisdiction, a court 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Smith v. Zimmer US, Inc.*, Civ. A. No. 19-6863, 2020 WL 487029, at *1 (D.N.J. Jan. 29, 2020) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). "But when a defendant raises a jurisdictional defense, 'a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper.'" *Id.* (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). In determining

6

whether it has personal jurisdiction, the Court is not bound by the pleadings, *see id.*, and, to the extent they are material, will include relevant allegations pertaining to jurisdiction in its summary of the facts, while construing all disputed facts in favor of the plaintiff. *Carteret Sav. Bank*, 954 F.2d at 142 n.1.

Pursuant Rule 4(k), a federal district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendants to the fullest extent as allowed under the Fourteenth Amendment of the United States Constitution. N.J. Ct. R. 4:4-4; *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 796 (D.N.J. 1996). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing *Carteret Sav. Bank*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). General jurisdiction requires continuous and systematic contacts and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (alteration in original) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims

7

against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Int'l Shoe Co.*, 326 U.S. at 317. While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Ops.*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home.*" (emphasis added)). "It may be that whatever special rule exists permitting 'continuous and systematic' contacts to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations . . . ." *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 610 n.1 (1990) (citation omitted) (quoting *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 440 (1952)).

Specific jurisdiction, however, may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (citation omitted) (first quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), then quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). More specifically, specific jurisdiction requires: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *WAG Acquisition, LLC v. Multi-Media, LLC*, Civ. A. No. 14-1661, 2015 WL 5310203, at *12 (D.N.J. Sept. 10, 2015);

*Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (stating "what is necessary [for specific jurisdiction] is a deliberate targeting of the forum").

A court's exercise of personal jurisdiction "requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Additionally, due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hall*, 466 U.S. at 414 (quoting *Int'l Shoe Co.*, 326 U.S. at 316); *see also O'Connor*, 496 F.3d at 316–23 (discussing the three-step process to determine personal jurisdiction). Importantly, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[T]he state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Rather, "[j]urisdiction is proper when the state of a plaintiff's residence is 'the focus of the activities of the defendant out of which the suit arises.'" *Id.* (quoting *Keeton*, 465 U.S. at 780).

Moreover, "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Lebel v. Everglades Marina, Inc.*, 558 A.2d 1252, 1255 (N.J. 1989) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 297–98). Indeed, the three-part inquiry is meant to ensure an out-of-state defendant will not be haled into court based on "random, fortuitous, or attenuated contacts, or the unilateral activity of

9

another party or a third person." *Croat v. Mission Fine Wines, Inc.*, Civ. A. No. 19-17786, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) (quoting *Stevens v. Welch*, Civ. A. No. 10-3928, 2011 WL 541808, at *3 (D.N.J. Feb. 7, 2011)). The plaintiff "bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990) (alterations in original) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

### B.    12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This

10

"plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court

11

may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.    DECISION

BAM moves to dismiss the Present Complaint based on issue preclusion under Rule 12(b)(6). (ECF No. 64-1 at 8–10.) Alternatively, Defendants move to dismiss the Present Complaint for lack of personal jurisdiction under Rule 12(b)(2). (*Id.* at 11–14; ECF No. 65-1 at 10–15.) In response, Plaintiff opposed dismissal under both Rule 12(b)(2) and (6) and, alternatively, requests jurisdictional discovery. (ECF No. 68 at 3–9.) The Court reviews each argument in turn.

### A.    Rule 12(b)(6)

Issue preclusion, also known as collateral estoppel, is a doctrine which bars parties from re-litigating an issue determined by a "final and valid" judgment in any future lawsuit. *United States v. Rigas*, 605 F.3d 194, 217 (3d Cir. 2010). Courts assess five elements to determine if issue preclusion bars a claim in a new litigation:

> (1) the identical issue was decided in a prior adjudication; (2) the issue was actually litigated; (3) there was a final judgment on the merits; (4) the determination was essential to the earlier judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding.

*Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 225–26 (D.N.J. 2015). "Defendants bear the burden of establishing all five elements." *Tobia v. Lakewood Bd. of Educ.*, Civ. A. No. 16-4850, 2020 WL 7334209, at \*13 (D.N.J. Dec. 14, 2020); *see also Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970) ("Reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel.").

An issue is identical between actions if the issues are "in substance the same." *Pasqua v. Cnty. of Hunterdon*, Civ. A. No. 15-3501, 2017 WL 5667999, at \*15 (D.N.J. Nov. 27, 2017). In assessing similarity, courts consider "whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related." *Strassman v. Essential Images*, Civ. A. No. 17-4227, 2018 WL 1251636, at \*5–6 (D.N.J. Mar. 12, 2018) (quoting *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007)).

"[F]inality for purposes of issue preclusion is a more pliant concept than it would be in other contexts." *Fuzy v. Westfield Bd. of Educ.*, Civ. A. No. 19-18434, 2022 WL 1284731, at \*7 (D.N.J. Apr. 29, 2022) (alterations in original) (quoting *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991)). Unlike claim preclusion, which applies only when a judgment is "final in the sense of being appealable," issue preclusion "applies whenever a[] [judgment] is 'sufficiently firm to be accorded [a] conclusive effect.'" *In re Brown*, 951 F.2d at 569 (quoting *Restatement (Second) of Judgments*, § 13 at 132 (1982)); *accord Fuzy*, 2022 WL 1284731, at \*7. Therefore, although a dismissal for lack of personal jurisdiction is typically not considered a final judgment on the merits, *see* Fed. R. Civ. P. 41(b), such a dismissal may be considered final for purposes of issue preclusion if the defendants can establish the judgment was conclusive as to an identical issue of personal

jurisdiction in the forum. *See Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 454–55 (3d Cir. 2004); *see also Kitces v. Wood*, 917 F. Supp. 338, 341–42 (D.N.J. 1996) ("[W]hile a dismissal for lack of personal jurisdiction is not a decision on the merits, it is conclusive as a direct estoppel on [a] jurisdictional issue actually decided."); Wright & Miller, *18A Federal Practice & Procedure* § 4436 (3d ed. 2017) ("Dismissal for want of personal jurisdiction precludes relitigation of the same issue of jurisdiction . . . ."). However, a dismissal for lack of personal jurisdiction does not bar a plaintiff from re-filing a pleading in "a court of competent jurisdiction." *Kitces*, 917 F. Supp. at 342; *see also Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972) (holding prior dismissal for lack of subject matter jurisdiction did not bar subsequent pleading adding additional allegations providing the court with proper jurisdiction).

Here, BAM argues the Present Complaint is barred under the doctrine of issue preclusion as the Court previously held Plaintiff lacked personal jurisdiction over BAM in the prior litigation.[4] (*See* ECF No. 64-1 at 8–10.) BAM, however, misconstrues the prior determination. The Court did not conclusively hold it lacked personal jurisdiction over BAM but rather held based on the allegations in the Prior Complaint it "[wa]s not satisfied it has personal jurisdiction over [BAM]." *Gonzalez*, 2024 WL 4589791, at *8; *see also id.* at *7 ("Plaintiff's sole allegation that might support finding general jurisdiction for BAM is that it is licensed to do business and has a registered agent in New Jersey. . . . Plaintiff does not expressly allege the existence of this business

---

[4] In support of its argument, BAM cites to multiple cases barring re-litigation under the doctrine of issue preclusion based on a prior dismissal pursuant to Rule 12(b)(2). (*See, e.g.*, ECF No. 64-1 at 10 (citing *Wallace v. Keystone Printed Specialties Co.*, Civ. A. No. 14-5978, 2016 WL 5403088 (D.N.J. Sep. 27, 2016).) However, the Prior Complaint was not dismissed pursuant to Rule 12(b)(2), but rather was voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(ii). (*See* Civ. A. No. 24-8521, ECF Nos. 50, 51.) BAM cites to no cases barring re-litigation under the doctrine of issue preclusion based on a prior dismissal pursuant to same. (*See generally* ECF Nos. 64, 70.)

14

license and registered agent in the Complaint . . . ."); *id.* ("Plaintiff did not explicitly allege specific jurisdiction in the Complaint . . . ."). In response, Plaintiff voluntarily dismissed the Prior Complaint without prejudice (Civ. A. No. 24-8521, ECF Nos. 50, 51) and filed the Present Complaint with additional allegations supporting the exercise of specific jurisdiction in the matter (ECF No. 1 ¶¶ 27–31). As the Court had not concluded the District Court of New Jersey was not a court of competent jurisdiction, Plaintiff was not barred from filing an amended pleading with same. *See Kitces*, 917 F. Supp. at 342; *Smith*, 464 F.2d at 874. Accordingly, the Court finds BAM has not established the third element—final judgment on the merits—as required to bar the parties from re-litigating the issue of personal jurisdiction under the doctrine of issue preclusion. Having determined same, the Court need not review or determine whether BAM has established the remaining elements.

Based on the foregoing, BAM's Motion to Dismiss the Complaint under Rule 12(b)(6) is **DENIED**.

### B.    Rule 12(b)(2)

Personal jurisdiction in the federal courts is generally governed by Rule 4(k). *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 382 (3d Cir. 2022). Specifically, Rule 4(k)(1)(A) provides the court with personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"; Rule 4(k)(1)(C) provides personal jurisdiction "when authorized by a federal statute"; and Rule 4(k)(2) provides personal jurisdiction under certain circumstances if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."

### 1.    Rule 4(k)(1)(A)

Rule 4(k)(1)(A) authorizes the district court to exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *See also Fischer¸* 42 F.4th at 383 ("Rule 4(k)(1)(A) incorporates the constitutional limits on jurisdiction imposed by the Fourteenth Amendment."). New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendants to the fullest extent allowed under the Fourteenth Amendment of the United States Constitution. N.J. Ct. R. 4:4-4; *Eaton Corp.*, 929 F. Supp. at 796. In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). "That focus led to [the Supreme Court] recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021); *Ngambo v. New York State Dep't of Tax'n & Fin.*, No. 24-2545, 2025 WL 1650011, at *2–3 (3d Cir. June 11, 2025) ("The Fourteenth Amendment limits personal jurisdiction to either general or specific jurisdiction."). A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros*, 627 F. App'x at 86–87 (citing *Metcalfe*, 566 F.3d at 330); *see also Dayhoff Inc.*, 86 F.3d at 1302 (holding a plaintiff may rely on "affidavits or other competent evidence [to demonstrate] that jurisdiction is proper").

General jurisdiction—all-purpose jurisdiction—arises out of the defendant's affiliations with the forum and extends to any claim brought against the defendant if the defendant is "essentially at home" in the forum. *See Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations*, 564 U.S. at 919). A claim brought pursuant to general jurisdiction "need

not relate to the forum . . . or the defendant's activity there; they may concern events and conduct anywhere in the world." *Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations*, 564 U.S. at 919)); *see also Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12–13 (2025) (stating a court exercising general jurisdiction "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different [forum]" (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017))). "[A]n individual is subject to general jurisdiction in [his or] her place of domicile. And the equivalent forums for a corporation are its place of incorporation and principal place of business." *Id.* at 358–59 (citation and internal quotation marks omitted). "[I]t is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563–64 (3d Cir. 2017) (quoting *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016)).

In contrast, specific jurisdiction—case-linked jurisdiction—arises out of the defendant's contacts within the forum and extends to a narrow class of claims "aris[ing] out of or relat[ing] to the defendant's contacts." *Ford Motor Co.*, 592 U.S. at 359 (internal quotation marks omitted). A claim brought pursuant to specific jurisdiction must relate to the defendant's deliberate contacts with the forum "such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297; *see also Ford Motor Co.*, 592 U.S. at 359 ("The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" (quoting *Keeton*, 465 U.S. at 774)). Courts have applied a three-part test to determine whether a defendant is subject to specific jurisdiction: "First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, . . . whether the exercise of jurisdiction otherwise comport[s] with fair play

17

and substantial justice." *Petrucelli v. Rusin*, 642 F. App'x 108, 110 (3d Cir. 2016) (quoting *O'Connor*, 496 F.3d at 317); *accord Malik*, 710 F. App'x at 564–65.

Here, Defendants argue the Court lacks both general and specific jurisdiction under Rule 4(k)(1)(A). (*See* ECF No. 64-1 at 11–14; ECF No. 65-1 at 10–15.) In response, Plaintiff argues the Court may exercise specific jurisdiction over BAM as "BAM purposefully availed itself of the laws of New Jersey, has substantial aggregate contacts in New Jersey, engaged in and is engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in the State of New Jersey." (ECF No. 68 at 11–12; *accord* ECF No. 1 ¶ 29.) Alternatively, Plaintiff claims the Court may exercise personal jurisdiction over Binance and Zhao under an agency theory of personal jurisdiction. (ECF No. 68 at 11–12; *accord* ECF No. 1 ¶ 30); *see also Linus Holding Corp. v. Mark Line Indus.*, 376 F. Supp. 3d 417, 423 (D.N.J. 2019) ("[A] court may impute the contacts of a subsidiary corporation to a foreign parent corporation for the purpose of exercising specific jurisdiction, if the subsidiary corporation is merely operating as the parent corporation's alter ego . . . ."). Plaintiff does not claim the Court may exercise general jurisdiction over Defendants or specific jurisdiction over Binance or Zhao outside an agency theory of personal jurisdiction. (*See generally* ECF No. 68.)

The Present Complaint sufficiently establishes BAM purposefully directed activities at the forum but fails to establish the litigation arises out of or relates to those activities. Specifically, the Present Complaint alleges BAM maintains Binance.US, which it directly solicited to New Jersey residents as a licensed money transmitter (ECF No. 1 ¶¶ 7, 15, 27, 29). However, Plaintiff does not allege the cause of action arose from BAM's maintenance of the Binance.US crypto-exchange or solicitation of New Jersey residents. (*Id.* ¶ 11 ("Plaintiff is not relying on any contracts or agreements entered into between Binance or [BAM] (including Binance.US) and any users of

Binance.com or Binance.US to assert any claims herein and none of Plaintiff's claims derive from the underlying terms of any such contracts or agreements."); *id.* ¶ 14 ("At no time has Plaintiff ever held an account with Binance or BAM, nor has Plaintiff ever agreed to any terms of use that Binance or BAM impose upon their account holders.").) Rather, Plaintiff alleges the cause of action arose from stolen cryptocurrencies removed from Plaintiff's Coinbase account and ultimately deposited in "at least one Binance.com account." (ECF No. 1 ¶¶ 12, 14.) Plaintiff does not allege any of the stolen cryptocurrencies were deposited in a Binance.US account. (*See generally id.*)

Although BAM's maintenance of the Binance.US crypto-exchange and solicitation of New Jersey residents may be sufficient to establish specific jurisdiction in a litigation, "those contacts do not relate to this litigation." *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021); *see also Ford Motor Co.*, 592 U.S. at 353 (holding the essential foundation of specific jurisdiction is "a strong relationship among the defendant, the forum, and the litigation"). Nor do those contacts suggest the possible existence of relevant contacts between BAM and the forum "with reasonable particularity" as required to justify jurisdictional discovery in this litigation. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015) ("[J]urisdictional discovery is not available merely because the plaintiff requests it."); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." (alterations in original) (internal citation omitted) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992))); *accord Malik*, 710 F. App'x at 565. Having determined the Court

may not exercise specific jurisdiction over BAM under Rule 4(k)(1)(A), the Court cannot exercise specific jurisdiction over Binance or Zhao pursuant to the agency theory of personal jurisdiction.[5]

### 2. Rule 4(k)(1)(C)

Rule 4(k)(1)(C) establishes personal jurisdiction over a defendant "when authorized by a federal statute." RICO § 1965 authorizes personal jurisdiction under certain circumstances. 18 U.S.C. § 1965. Reading all subsections of § 1965 together, the Third Circuit has employed a two-step approach to determine whether a federal court may exercise personal jurisdiction over both resident and non-resident defendants. *See id.* at 117–18. First, § 1965(a) authorizes personal jurisdiction over a defendant in any "district court where personal jurisdiction based on minimum [forum-based] contacts is established." *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 117–18 (3d Cir. 2020) (quoting *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir.

---

[5] In support of the assertion of specific jurisdiction over BAM, Plaintiff also alleges BAM is a licensed money transmitter under the New Jersey Money Transmitters Act, N.J. Stat. Ann. § 17:15C-1, *et seq.* (ECF No. 1 ¶ 27.) Therefore, Plaintiff argues BAM has consented to personal jurisdiction in the forum under N.J. Stat. Ann. § 17:15C-26(a)(1), which provides any licensee "engag[ing] in business activities that are regulated under this act . . . is deemed to have . . . [c]onsented to the jurisdiction of the courts of this State for all actions arising under this act." (*Id.*) Defendants claim the cause of action did not arise under the New Jersey Money Transmitters Act as the act did not create a private right of action against money transmitters. (ECF No. 64-1 at 14; ECF No. 65-1 at 11–13.) In response, Plaintiff argues under certain circumstances the violation of a statute may create a private right of action even if "no such remedy is included in the act." (ECF No. 68 at 11 n.7 (quoting *Parks v. Pep Boys*, 659 A.2d 471, 477 (N.J. Super. App. Div. 1995).) Plaintiff, however, fails to cite to any caselaw wherein a court held a civil suit may be raised under the New Jersey Money Transmitters Act. (*But see id.* at 11 n.7 (citing *Antico v. RAM Payment, LLC*, Civ. A. No. 20-12130, 2024 WL 4315255, at *1 (D.N.J. Sept. 26, 2024) (dismissing a civil cause of action asserting a civil New Jersey Money Transmitters Act claim for lack of personal jurisdiction)).) Regardless, as the Complaint fails to allege a civil New Jersey Money Transmitters Act claim (*see generally* ECF No. 1), the Court need not determine whether such a claim may be asserted at this time. As addressed above, *see supra* Section III.B.1, this action does not arise from BAM's activities as a licensed money transmitter soliciting New Jersey residents to store cryptocurrencies on Binance.US but rather arises from Binance's failure to implement AML programs and KYC rules permitting individuals to launder stolen cryptocurrencies on Binance.com.

1998)); *see also Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 440 (6th Cir. 2022) ("Because subsection (a) is not jurisdictional, another rule—such as [Rule] 4(k)(1)(A) and the relevant state's long-arm statute—is required to establish personal jurisdiction over an initial defendant."); Fed. R. Civ. P. 4(k)(1)(A) (implicating the traditional minimum contacts based approach to personal jurisdiction under Rule 4(k)(1)(A), *i.e.*, general jurisdiction and specific jurisdiction).

If under § 1965(a) personal jurisdiction is established over at least one defendant, then § 1965(b) authorizes personal jurisdiction over other parties "who may be additional defendants of any kind, including co-defendants, third-party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the 'ends of justice' so require."[6] *Laurel Gardens*, 948 F.3d at 118 (quoting *PT United Can Co.*, 138 F.3d at 71–72). In other words, absent personal jurisdiction over at least one defendant based on forum-based contacts under § 1965(a), the federal court may not exercise personal jurisdiction over the non-resident defendants based on nationwide contacts under § 1965(b). *See id.* at 120 ("The structure of § 1965 as well as the 'other parties' language of subsection (b) clearly require the presence of at least one defendant that meets the traditional contacts test.").

---

[6] The Third Circuit has recognized there is a circuit split on whether "the plaintiff must also establish that there is no other district court that would have traditional personal jurisdiction over all of the defendants." *Laurel Gardens*, 948 F.3d at 120–21 (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.3d 535, 538–39 (9th Cir. 1986); *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229–33 (10th Cir. 2006)). The Third Circuit, however, has yet to weigh in on the issue. *See id.* at 121 ("We need not—and do not—decide whether the Ninth or the Tenth Circuit is correct because . . . Plaintiffs establish both that no other district would have traditional jurisdiction over all defendants and that the exercise of jurisdiction satisfies a flexible understanding of the 'ends of justice.'"). As Plaintiff has failed to establish the preliminary element of personal jurisdiction over at least one defendant under § 1965(a), the Court need not determine this issue at this time.

Here, Defendants argue the Court lacks personal jurisdiction under Rule 4(k)(1)(C).[7] (*See* ECF No. 64-1 at 13–14; ECF No. 65-1 at 15–16.) In response, Plaintiff argues the Court may exercise personal jurisdiction against BAM under § 1965(a) and against Binance and Zhao under § 1965(b). (*See* ECF No. 68 at 9–12; *accord* ECF No. 1 ¶ 31.) However, to establish personal jurisdiction over Defendants under §§ 1965(a) and (b), Plaintiff must first demonstrate personal jurisdiction over BAM under Rule 4(k)(1)(A). *See Laurel Gardens*, 948 F.3d at 113, 117–18, 120 (holding § 1965(a) "require[s] the presence of at least one defendant that meets the traditional contacts test"). Having determined the Court may not exercise personal jurisdiction over BAM under Rule 4(k)(1)(A), *see supra* Section III.B.2, the Court cannot exercise personal jurisdiction over Defendants pursuant to § 1965(a) or (b) under Rule 4(k)(1)(C).

### 3.     Rule 4(k)(2)

"Rule 4(k)(2), also known as the federal long-arm statute," *Early Learning Res., LLC v. Sebel Furniture Ltd.*, Civ. A. No. 10-6335, 2011 WL 4593775, at *5 (D.N.J. Sept. 30, 2011), "was enacted to fill a specific gap in the federal law presented when a foreign defendant may have significant aggregate contacts with the United States, but insufficient contacts with any single state to support jurisdiction under state long-arm statutes," *Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 621–22 (D.N.J. 2001). Courts employ a three-step approach to determine whether a federal court may exercise personal jurisdiction over a foreign defendant under Rule 4(k)(2): (1) whether the claim arises under federal law; (2) whether the defendant is subject to the jurisdiction of a court of general jurisdiction; and (3) whether the exercise of jurisdiction will comport with due process. *See, e.g., Early Learning Res.*, 2011 WL 4593775, at *5 (citing

---

[7] BAM erroneously claims the Complaint alleges a civil RICO claim under the New Jersey statute, N.J. Stat. Ann. § 2C:41-1, *et seq.*, rather than the federal statute. (*See* ECF No. 64-1 at 18–19.)

22

*Bradford Co. v. Conteyor North America, Inc.*, 603 F.3d 1262, 1272 (2010)); *accord King v. Bon Charge*, Civ. A. No. 25-105, 2025 WL 3764039, at *2 (D. Del. Dec. 30, 2025). As Rule 4(k)(2) "operates independently of any state's long-arm statute, the [due process] analysis turns on the Fifth Amendment's Due Process Clause (applicable to the federal government) instead of the Fourteenth's (applicable to the states)." *King*, 2025 WL 3764039, at *3 (citing *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296, n.6 (Fed. Cir. 2009)).

There is a circuit split on whether the plaintiff or the defendant bears the burden to demonstrate whether the defendant is subject to the jurisdiction of a court of general jurisdiction. The minority of circuits have held the plaintiff bears the initial burden to make a prima facie case for the application of the rule by certifying based on information readily available to the plaintiff the defendant is not subject to the general jurisdiction of any court, *see United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 42 (1st Cir. 1999); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 283 F.3d 208, 215 (4th Cir. 2002), whereas the majority have held the defendant bears the initial burden to preclude the application of the rule by identifying one or more states in which the defendant is subject to the jurisdiction of the court, *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004); *Lyngaas v. Curaden AG*, 992 F.3d 412, 422 (6th Cir. 2021); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), *as amended* (July 2, 2001); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461–62 (9th Cir. 2007); *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1283 (10th Cir. 2020); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.22 (11th Cir. 2009); *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012). While the Third Circuit has yet to weigh in on the issue, *see BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d

23

254, 259 (3d Cir. 2000) (holding the plaintiff bears the burden to present competent evidence demonstrating the third requirement but stating nothing as to the second requirement), New Jersey District Court decisions are consistent with the minority approach, holding that a plaintiff is required "to make an affirmative representation that the defendant is not subject to the general jurisdiction of any state court." *Smith*, 139 F. Supp. 2d at 622 (internal quotation marks omitted); *accord Davydov v. Scandinavian Airlines Sys.*, Civ. A. No. 19-17628, 2020 WL 12979368, at *4 n.6 (D.N.J. Oct. 5, 2020). *But see King*, 2025 WL 3764039, at *3 (adopting the majority approach). As the Third Circuit has not adopted the majority approach at this time, this Court declines to do so. Accordingly, Plaintiff bears the initial burden of certifying based on information readily available to Plaintiff that neither Binance nor Zhao are subject to the general jurisdiction of any court to make a prima facie case for the application of Rule 4(k)(2).

Here, the record establishes BAM is subject to the jurisdictions of Delaware (place of incorporation) and Florida (principal place of business). (ECF No. 1 ¶ 191.) Therefore, the Court cannot exercise personal jurisdiction over BAM under Rule 4(k)(2). Although the Court may exercise personal jurisdiction over both Binance and Zhao under Rule 4(k)(2), *see, e.g.*, *Licht*, 2025 WL 625303, at *27–28, 32–33 (holding the court has personal jurisdiction against both Binance and Zhao under Rule 4(k)(2)), Plaintiff has failed to submit the necessary certification to make a prima facie case for the application of same. (*See generally* ECF No. 68.) Having failed to submit the necessary certification, the Court cannot exercise personal jurisdiction at this time over either Binance or Zhao under Rule 4(k)(2). *See Smith*, 139 F. Supp. 2d at 622; *accord Davydov*, 2020 WL 12979368, at *4 n.6.

Based on the foregoing, Defendants' Motions to Dismiss the Complaint under Rule 12(b)(2) (ECF Nos. 64, 65) are **GRANTED**.

## IV.   CONCLUSION

For the reasons set forth above, BAM's Motion to Dismiss based on the doctrine of issue preclusion pursuant to Rule 12(b)(6) (ECF No. 64) is **DENIED**, Defendants' Motions to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) (ECF Nos. 64, 65) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has thirty (30) days to amend the Complaint with the necessary certification in the District of New Jersey.[8] Failure to do so will result in dismissal with prejudice without further action by the Court. An appropriate order follows.

Date: February 19, 2026

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Court expresses no opinion as to whether Plaintiff may file his pleading in another district court.

25